UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-416-HAB-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Earie B.A. Berry, Jr., a prisoner without a lawyer, filed a "Motion for Emergency Life and Death Preliminary Injunction." (ECF 9.) Court records from this District and the Southern District of Indiana reflect that Mr. Berry has incurred three "strikes" for filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. He was told as much by this court in 2010.[1] *See Berry v. Allen County Sheriff's Office, et al.*, No. 1:10-CV-132-RM (N.D. Ind. closed Aug. 9, 2010).

An inmate who has "struck out" under 28 U.S.C. § 1915(g) "can use the partial prepayment option in § 1915(b) only if . . . he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28

---

[1] Specifically, he incurred strikes in the following cases: *Berry v. Donahue*, No. 3:07-CV-42 (N.D. Ind. filed Feb. 2, 2007); *Berry v. Knight*, No. 1:07-CV-120 (S.D. Ind. filed Jan. 26, 2007); *Berry v. Donahue*, No. 1:07-CV-226 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Anderson*, No. 1:07cv230 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Knight*, No. 1:07-CV-231 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Butts*, No. 1:07-CV-232 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Barr*, No. 1:07-CV-233 (S.D. Ind. filed Feb. 21, 2007); and *Berry v. Perkins*, No. 1:07-CV-234 (S.D. Ind. filed Feb. 21, 2007). Since being told he was three-struck, he has filed suits without mentioning his three-strike status, leading to the dismissal of those cases as a sanction. *See, e.g., Berry v. Knight*, 1:18-CV-1322-WTL-MPB (S.D. Ind. closed May 4, 2018); *Berry v. Centurion Health Medical Serv.*, 1:18-CV-1327-WTL-MPB (S.D. Ind. closed May 4, 2018); *Berry v. Knight*, 1:18-CV-1323-SEB-DML (S.D. Ind. closed May 9, 2018); *Berry v. Knight*, 1:18-CV-1324-SEB-DML (S.D. Ind. closed May 9, 2018).

U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing 28 U.S.C. § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). Courts will deny leave to proceed where imminent danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

Mr. Berry is currently incarcerated at the Allen County Jail. The court struck his original complaint because it contained unrelated claims against unrelated defendants and complained about a host of matters in only very general terms. (ECF 8.) Mr. Berry has not yet filed an amended complaint, but in the present filing, he claims that he has an urgent need for relief because he is being repeatedly served eggs and soy, to which he is allergic, and because his diet does not include B-12 that he needs for some unspecified illness. He claims that he has lost approximately 30 pounds since his arrival at the jail due to the foods he is being served.

In deference to his pro se status, the court will construe the present filing as his amended complaint. The court finds that his allegations satisfy the imminent danger exception. Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). They are also

2

entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Mr. Berry has alleged a plausible claim that he is being denied a medically appropriate diet as required by the Eighth Amendment.[2] The Warden of the Allen County Jail has both the authority and the responsibility to ensure that inmates at his facility are provided with a proper diet. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Berry will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief related to his need for a proper diet. All other claims will be dismissed.[3]

It is evident that Mr. Berry is also seeking a preliminary injunction related to his ongoing need for a proper diet. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican*

---

[2] Although Mr. Berry is presently at a jail, public court records reflect that on November 21, 2022, he was found guilty of a parole violation and sentenced to a term of two years in prison. *State v. Berry*, 02D06-1206-FC-000190 (Allen Sup. Ct. order dated Nov. 21, 2022). Because he has been convicted and sentenced, his rights arise under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

[3] It is not entirely clear from the motion who Mr. Berry is trying to hold liable; the Warden is a proper defendant for purposes of an injunctive relief claim. To the extent he is trying to hold others liable for damages, he must outline such claims in an amended complaint, using the form that was previously sent to him by the clerk.

3

*Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 786 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these limitations, the court will order

4

the Warden to respond to the request for preliminary injunctive relief before taking further action.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the motion (ECF 9) as an amended complaint;

(2) DIRECTS the clerk to add the Warden of Allen County Jail as a defendant;

(3) GRANTS the plaintiff leave to proceed against the Warden of Allen County Jail in his official capacity on a claim for injunctive relief under the Eighth Amendment to obtain a medically appropriate diet;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Allen County Jail at the Allen County Jail along with a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Allen County Jail at the Allen County Jail;

(7) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(8) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **December 23, 2022**, with supporting

5

documentation and declarations from staff as necessary, addressing the current status of the plaintiff's medical conditions and diet; and

(9) ORDERS the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 24, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
